RECEIVED
IN LAKE CHARLES, LA

FEB 13 2014

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARTIN ENERGY SERVICES, L.L.C.** | * | CIVIL ACTION NO. 2:13-CV-01349 |
| **Plaintiff** | * | |
| V. | * | JUDGE MINALDI |
| **STAGG MARINE, INC.** | * | |
| **Defendant** | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM RULING

The plaintiff filed a Motion for Judgment by Default [Doc. 8], following the Clerk's Entry of Default [Doc. 7]. The legal time delays have since elapsed, and the defendant has filed no answer or other responsive pleadings of any kind. Accordingly,

**IT IS ORDERED** that, pursuant to Federal Rule of Procedure 55, the plaintiff's Motion be and hereby is **GRANTED**, and a **JUDGMENT OF DEFAULT** is hereby entered against the defendant in the above captioned matter.

## FACTS & PROCEDURAL HISTORY

The plaintiff filed the complaint in the instant action on June 3, 2013.[1] The plaintiff is in the business of selling fuel and provisions to mariners. The plaintiff and the defendant entered[2] into a credit agreement on May 20, 2003, whereby the plaintiff would provide fuel and provisions to the defendant on credit, with invoices due upon receipt.[3]

---

[1] Compl. [Doc. 1].
[2] It should be noted that the agreement was entered into by the plaintiff's predecessor, Talen's Marine & Fuel, L.L.C. (Talen's), which was purchased by the plaintiff, along with all of Talen's open accounts receivables.
[3] Memo. in Supp. [Doc. 8-1], at 1-2.

1

The plaintiff began delivering the supplies in question in early 2012.[4] The plaintiff alleges that the defendant owes the plaintiff $81,727.84 in unpaid invoices at present.[5] The plaintiff states that amicable demand has proved insufficient to collect on the debt. The plaintiff sued the defendant under theories of breach of contract, sums due on open account, quantum meruit, and promissory estoppel.[6] The plaintiff has also sued for attorney's fees pursuant to Louisiana Revised Statute § 9:2781 (2010), which provides for the availability of awards of attorneys' fees to plaintiffs who succeed in suits on open accounts.[7] The plaintiff also alleges that attorneys' fees are recoverable based on Section 4 of the terms found in the Application for Credit between the parties.[8]

On June 7, 2013, the defendant's agent for service of process, Dale Rentrop, was served at 100 Belanger Street, Morgan City, Louisiana, by process server, John Abdella.[9] Proof of service was filed into the record on June 10, 2013. To date, no answer, defense, or response has been filed by the defendant herein.

The plaintiff moved for a preliminary default [Doc. 6] on July 26, 2013. The Clerk of Court entered a default against the defendant on July 30, 2013.[10] The plaintiff now seeks a judgment by default against the defendant.

## LAW & ANALYSIS

Federal Rule of Civil Procedure 55 permits the entry of a default judgment against a defendant when that defendant "has failed to plead or otherwise defend, and that failure is shown

---

[4] *Id.* at 2.
[5] Verified Compl. [Doc. 2], at ¶ 7.
[6] *Id.* at ¶¶ 12-15.
[7] *Id.* at ¶ 13.
[8] Memo. in Supp. [Doc. 8-1], at 3. *See also* Stagg's Application for Credit [Doc. 8-3], at 3 (stating that "[a]pplicant agrees that if account must be placed in the hands of an attorney, or a suit is filed thereon, or other legal proceedings for collection of any such amount, [a]pplicant agrees to pay all costs of collection, including attorney's fees.").
[9] Proof of Service [Doc. 5].
[10] Notice of Entry of Default [Doc. 7].

2

by affidavit or otherwise." FED. R. CIV. PRO. 55(a). The entry of default is a two-step process: entry of a default, followed by entry of a default judgment. *Fox v. Wolfson*, No. 2:10-cv-0812, 2010 U.S. Dist. LEXIS 103180, at *2 (W.D. La. Sept. 27, 2010). The first step is completed by the clerk; the clerk is obligated to enter a party's default when the plaintiff files a sufficient application for entry of default. *Jefferson v. La. Dep't of Pub. Safety & Corrs.*, 401 Fed. Appx. 927, 929 (5th Cir. 2010) (citing FED. R. CIV. PRO. 55(a)).

Per the local rules, a plaintiff is permitted to move for a default judgment fourteen days after the clerk's entry of default. W.D. La. L.R. 55.1. If the claim is for "a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." FED. R. CIV. PRO. 55(b)(1). However, "in all other cases," the court is empowered to "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. PRO. 55(b)(2). A court has great discretion under Rule 55(b)(2) in determining whether a hearing shall be conducted. *Boyd v. Dill*, No. 09-0021, 2011 U.S. Dist. LEXIS 39969, at *8 (W.D. La. Apr. 1, 2011) (*citing James v. Frame (In re Frame)*, 6 F.3d 307, 311 (5th Cir. 1993)).

Although a plaintiff is "not entitled to a default judgment as a matter of right," the well-pleaded allegations contained in the complaint shall be accepted by the court as true. *Meyer v. Bayles*, No. 12-0043, 2013 U.S. Dist. LEXIS 69975, at *3 (W.D. La. May 16, 2013) (*citing Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Further,

the allegations of fact contained in the complaint are deemed admitted through the defendant's default. *Id.* (citation omitted).

The court finds that the entry of a default judgment against the defendant herein is appropriate at this time. The plaintiff initially filed its Complaint [Doc. 1] on June 3, 2013, and the defendant has failed in any way to respond or answer since that time. Proof of service on the defendant's registered agent for service of process was filed into the record on June 10, 2013. The Notice of Motion Setting [Doc. 9], filed into the record on September 5, 2013, clearly put the defendant on notice that responses to the plaintiff's Motion for Default Judgment [Doc. 8] were due within twenty-one days. No responses were ever filed. Also, there is nothing in the record to indicate that the defendant's default is the result of excusable neglect or a good faith mistake.

The plaintiff has sued under a theory of recovery on an open account, among others, and has submitted affidavit evidence as well as itemized statements evidencing the defendant's indebtedness to the plaintiff. Consistent with the invoicing statements submitted by the plaintiff, the plaintiff is seeking the recovery of $81,727.84 in unpaid invoices,[11] as well as contractual interest at a rate of 18%, and statutory and contractual attorneys' fees. As the claim herein is for a sum certain and the plaintiff's pleadings contain sufficient documentation of the defendant's indebtedness, the court is not of the opinion that a Rule 55(b)(2) hearing is necessary at this time.

As to the plaintiff's request for attorney's fees,

> when any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.

---

[11] Mot. for J. by Default [Doc. 8], at 2.

4

LA. REV. STAT. ANN. § 9:2781(A) (2010). The plaintiff's Affidavit of Attorney's Fees [Doc. 8-5] states that a total of thirteen hours were incurred by the plaintiff's counsel in this matter at a rate of $175.00 per hour, and thus the plaintiff has requested an award of attorney's fees in the amount of $2,275.00. The court finds this amount to be reasonable under the circumstances. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Judgment by Default [Doc. 8] be and hereby is **GRANTED**. The defendant is to pay to the plaintiff the amount of EIGHTY ONE THOUSAND SEVEN HUNDRED TWENTY-SEVEN AND 84/100 DOLLARS ($81,727.84) at a contractual rate of interest of eighteen percent (18%) annually, commencing from the date the debt initially became due.

**IT IS FURTHER ORDERED** that the defendant is to pay to the plaintiff attorneys' fees in the amount of TWO THOUSAND TWO HUNDRED SEVENTY-FIVE 00/100 DOLLARS ($2,275.00).

Lake Charles, Louisiana, this 13 day of February, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE